```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH SNYDER and              :       CIVIL ACTION
JACQUELINE SNYDER               :
                                :
        v.                      :
                                :
TAWOOS BAZARGANI and            :
PAUL BAGHERPOUR                 :       NO. 02-08845-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                         May 26, 2005

      Plaintiffs were negotiating for the rental of a condominium property owned by the defendant Bazargani.  The defendant Paul Bagherpour was the rental agent handling the transaction on behalf of Dr. Bazargani.  Plaintiffs brought this action against the defendants, alleging violations of the Pennsylvania Human Relations Act (PHRA) asserting that Mr. Bagherpour inquired about plaintiffs' religious affiliation, and thereafter the defendants refused to rent plaintiffs the property.

      The case was, in due course, referred to arbitration.  After the hearing, the arbitrators entered an award in favor of the plaintiffs and against the defendant Bagherpour only; Dr. Bazargani was exonerated.

      Bagherpour filed a timely request for a trial *de novo*, but plaintiffs did not.  The case is now scheduled for a jury trial in June.

The administration of this case has become complicated by virtue of various extraneous matters.  Dr. Bazargani has, at various times, been represented by counsel, but her counsel has been permitted to withdraw his appearance, and Dr. Bazargani is now acting *pro se*.  It seems that the final disagreement between Dr. Bazargani and her counsel stemmed from the fact that Dr. Bazargani wanted him to appeal the arbitrator's decisions, even though she had won.  At a pretrial conference conducted by the judge to whom this case was originally assigned, everyone tried to explain to Dr. Bazargani that she should quit while she was ahead.  It was also made clear that the plaintiffs were satisfied with the arbitrator's award in all respects, and that, if there was to be a trial *de novo*, the defendant Bagherpour preferred to have Dr. Bazargani dismissed from the case, so that the trial could dispose solely of the issues between plaintiffs and Mr. Bagherpour.  Ultimately, at that pretrial conference, it appeared that the case had been settled, conditioned upon an exchange of releases between plaintiffs and Dr. Bazargani, but she ultimately refused to sign the releases unless certain additional language were inserted.  Her proposed additional language is virtually incomprehensible, but can be interpreted as barring any future claims of any kind, even if unrelated to the rental of the condominium, and based upon conduct which occurs in the future.  For obvious reasons, plaintiffs declined to adopt that proposed provision.

The court is now confronted with two motions: (1) a motion by defendant Bazargani "for a superseding scheduling order with new dates and deadlines" (in effect, a request for a continuance of the trial) and (2) plaintiffs' motion for summary judgment as to liability against the defendant Bagherpour.

The Pennsylvania Human Relations Act provides: "It shall be an unlawful discriminatory practice ... for any person to ... make any inquiry or elicit any information ... concerning religious creed or ancestry - in connection with the lease of any housing accommodation." 43 P.S. § 955(h)(6). It is conceded that, on December 8, 2000, in the course of a telephone conversation with plaintiff Kenneth Snyder, Mr. Bagherpour did in fact ask what the Snyders' religious affiliation was. Since that inquiry violated the statute, plaintiffs are entitled to partial summary judgment on liability, to that extent, against the defendant Bagherpour.

As to the defendant Dr. Bazargani, there may well be a factual dispute as to whether, at the time the inquiry about religion occurred, Mr. Bagherpour was still authorized to negotiate with the Snyders; it is conceivable that Dr. Bazargani might not be vicariously liable for Bagherpour's actions. I need not resolve that issue, however, since the arbitration award in favor of Dr. Bazargani has not been appealed. She is entitled to the entry of judgment in her favor based on the arbitrator's award. This renders moot her application for a continuance of

the trial, and also renders moot her purported concerns about the language of the proposed general release: the judgment in her favor stands as *res judicata*, and bars any and all claims which plaintiffs might assert against her in connection with the lease negotiations.

      An Order follows.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH SNYDER and              :       CIVIL ACTION
JACQUELINE SNYDER               :
                                :
          v.                    :
                                :
TAWOOS BAZARGANI and            :
PAUL BAGHERPOUR                 :       NO. 02-08845-JF
```

ORDER

          AND NOW, this 26th day of May 2005, IT IS ORDERED:

    1. The motion of defendant Tawoos Bazargani, M.D. "To Request for the Superseding Scheduling Order with New Dates and Deadlines for the Above Identified Claim Because Plaintiffs Refused to Sign the General Release with Defendant Tawoos Bazargani, M.D." is DISMISSED as moot.

    2. JUDGMENT is ENTERED in favor of the defendant Tawoos Bazargani and against the plaintiffs Kenneth and Jacqueline Snyder, based upon the award of the arbitrators.

    3. Unless settled in the interim, the case will proceed to trial as between plaintiffs and the defendant Paul Bagherpour on June 15, 2005.


                                                         BY THE COURT:


                                                         /s/ John P. Fullam
                                                         John P. Fullam, Sr. J.