```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH SNYDER and              :      CIVIL ACTION
JACQUELINE SNYDER               :
                                :
          v.                    :
                                :
TAWOOS BAZARGANI and            :
PAUL BAGHERPOUR                 :      NO. 02-08845-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    July 28, 2005

      The defendant Tawoos Bazargani (hereinafter referred to as "Owner") is the owner of a certain condominium property in Philadelphia which she leases to tenants. The defendant Paul Bagherpour (hereinafter referred to as "Agent") acted as her real estate agent in leasing the property. Plaintiffs sought to lease the condo, which had been advertised as available for rent. After plaintiff Kenneth Snyder expressed his willingness to lease the property, the defendant Agent asked Mr. Snyder what his religious affiliation was, and Mr. Snyder replied that he was Jewish. A few days later, the Snyders were informed that the Owner would not lease the property to them. They brought this action for violation of the Fair Housing Act and the equivalent Pennsylvania statute. The jury awarded substantial damages against both defendants. Both defendants have filed motions for a new trial.

The defendant Owner was not represented by counsel at trial.  She had been represented by counsel at earlier stages of this litigation.  The case went to arbitration.  The arbitrators rendered a decision favorable to the plaintiffs.  At that point, in various conferences before another judge of this court, to whom the case was then assigned, counsel reached a modest settlement, contingent upon the exchange of releases.  Contrary to her counsel's advice, the defendant Owner rejected the settlement, and insisted upon proceeding to the *de novo* trial which plaintiffs were entitled to, since they had appealed from the arbitration award.  Her counsel then withdrew, and she has proceeded pro se since then.

While the case was pending, plaintiffs' counsel again confirmed to the defendants that plaintiffs were willing to carry out the agreed settlement, provided the defendants signed the required release by a specified date.  The defendant Owner did not agree, and the case proceeded to trial.

The jury found both defendants liable, and awarded $40,000 in compensatory damages, plus $20,000 in punitive damages against the Owner, and $30,000 in punitive damages against the defendant Agent.

In her *pro se* "Motions for a New Trial and to Alter the Judgement," the defendant Owner asserts that the trial should not have occurred and its results should now be set aside, because, five days before trial, she finally signed the requested release.

Her offer to settle was then rejected by plaintiffs, as having been tendered too late.  The Owner's post-trial motion plainly lacks merit.

In a separate motion for a new trial, the defendant Agent (who is represented by counsel) argues that the compensatory award is grossly excessive, and that the court erred in submitting the issue of punitive damages to the jury.

Since the jury, in answers to interrogatories, expressly found that the defendant Agent had violated the terms of the statute by making the prohibited inquiry about religion, and that plaintiffs' religion was a substantial factor in the ultimate decision not to lease the property to them, it was entirely proper to submit the issue of punitive damages to the jury.  Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000).

The defendant Agent also seeks a new trial because plaintiffs' counsel, at one point, urged the jury to "send a message" to the defendants about the importance of avoiding discriminatory practices.  No objection was voiced at the time, so the issue has been waived.  Moreover, in my view, no error was committed.  This was not a criminal case, where such an argument would be improper.  In a civil case, a plaintiff seeking punitive damages should certainly be allowed to explain what punitive damages are intended to achieve, namely, to "send a message" to deter repetition of the discriminatory conduct.

Although not material to deciding the present motion, it bears mention that the Agent's trial counsel, in his closing argument, saw fit to make arguments which really were improper. He expressed his personal view that the anti-discrimination statutes were a bad idea, and that a property owner should be permitted complete freedom in deciding whom to accept as tenants. He also expressed his personal opinion by scoffing at the testimony of the wife-plaintiff that, because she had long been exposed to discrimination in her earlier life, she had experienced emotional trauma as a result of plaintiffs' rejection by the defendants.  His complaint about his opponent's argument rings hollow.

Finally, while the jury's verdict was extremely generous, I am not persuaded that there is justification for setting the verdict aside.

For all of the foregoing reasons, defendants' post-trial motions will be denied.

An Order follows.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH SNYDER and            :        CIVIL ACTION
JACQUELINE SNYDER             :
                              :
          v.                  :
                              :
TAWOOS BAZARGANI and          :
PAUL BAGHERPOUR               :        NO. 02-08845-JF
```

ORDER

AND NOW, this 28th day of July 2005, upon consideration of defendants' post-trial motions, and plaintiffs' responses, IT IS ORDERED:

That the defendants' post-trial motions are DENIED.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.

5