```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH SNYDER and               :     CIVIL ACTION
JACQUELINE SNYDER                :
                                 :
         v.                      :
                                 :
TAWOOS BAZARGANI and             :
PAUL BAGHERPOUR                  :     NO. 02-cv-08845-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                  September 25, 2007

       Plaintiffs were negotiating for the rental of a condominium property owned by the defendant Bazargani.  The defendant Bagherpour was the rental agent handling the transaction on behalf of Dr. Bazargani.  Plaintiffs brought this action against the defendants, alleging violations of the Pennsylvania Human Relations Act (PHRA) and the Fair Housing Act (FHA), asserting that Mr. Bagherpour inquired about plaintiffs' religious affiliation, and thereafter the defendants refused to rent plaintiffs the property.

       The case was referred to arbitration and the arbitrators entered an award in favor of the plaintiffs and against Mr. Bagherpour only.  The plaintiffs were satisfied with the relatively modest arbitration award, but both defendants sought a trial *de novo* (including Dr. Bazargani, who had prevailed at the arbitration).  Dr. Bazargani declined repeated attempts by her own counsel (who subsequently withdrew) and the

plaintiffs to end her involvement in the case for the exchange of mutual releases.  By the time Dr. Bazargani agreed, on the eve of trial, it was too late.  The case was tried before a jury, with plaintiffs and Mr. Bagherpour represented by their respective counsel and Dr. Bazargani proceeding *pro se*.

The jury found both defendants liable, and awarded $40,000 in compensatory damages, plus $20,000 in punitive damages against Dr. Bazargani, and $30,000 in punitive damages against Mr. Bagherpour.  The Court of Appeals recently affirmed the verdict in its entirety; counsel for Mr. Bagherpour represents that his client has decided to seek a writ of *certiorari* from the United States Supreme Court.

Now before me are plaintiffs' initial motion for counsel fees and costs, covering the period through trial, and the supplemental motion, seeking the fees and costs incurred on appeal.  The original motion sought an award of $112,892 in fees and expenses through the arbitration and trial. Plaintiffs seek an additional $67,608 in fees and expenses for post-trial and appeal activities, for a total of $180,500.

The PHRA provides for an award of counsel fees to the prevailing party, 43. P.S. § 962(c.2), as does the FHA, which provides in relevant part that:

> (2) In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs. The United States

>  shall be liable for such fees and costs to the same extent as a private person.

42 U.S.C. § 3613(c)(2). This "provision, which sounds fully discretionary ... actually is not. In fact, a district court's discretion not to grant attorney's fees and costs in civil rights cases is tightly cabined." <u>New Jersey Coalition of Rooming & Boarding House Owners v. Mayor of Asbury Park</u>, 152 F.3d 217, 225 (3d Cir. 1998).

To state that the court has very little discretion to deny an award of counsel fees in civil rights cases does not, of course, suggest that the court lacks the power to exercise discretion in determining the amount of the counsel fees to be awarded.

In this case, plaintiffs have submitted sufficiently detailed time records, and their hourly rates appear to be reasonable for cases of this sort. However, I am not persuaded that the time spent in hearings at the administrative level should be included, and there also appears to be some unnecessary duplication of effort at the arbitration hearing, trial and appellate levels.

I also consider it appropriate to take into account that the issues involved were relatively simple and straightforward, that the defendants appear to be persons of limited means, and that the defendant Bazargani is acting *pro se* and appears unable to understand the realities of litigation. It

also bears mention that the fee arrangement between plaintiffs and plaintiffs' counsel was a contingent-fee agreement, under which plaintiffs themselves would not be obliged to expend more than one-third of the total amount recovered; to some extent, therefore, it is plaintiffs' counsel, rather than plaintiffs themselves, who is pursuing the claim to the extent that it exceeds $30,000.  It is, of course, entirely appropriate for counsel to do so, but we must remember that the defendants have already been assessed substantial punitive damages.

       Taking into consideration all of these factors, I have concluded that, under the circumstances of this case, an award of $90,000 in fees and $7,000 in expenses is appropriate.

       An Order follows.

```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH SNYDER and               :       CIVIL ACTION
JACQUELINE SNYDER                :
                                 :
          v.                     :
                                 :
TAWOOS BAZARGANI and             :
PAUL BAGHERPOUR                  :       NO. 02-cv-08845-JF
```

ORDER

         AND NOW, this 25 day of September 2007, upon consideration of plaintiffs' Motion for an Award of Attorney Fees and Expenses (Document No. 71), Plaintiffs' Supplemental Motion for an Award of Attorneys' Fees and Expenses (Document No. 108), and the responses thereto, and after oral argument, IT IS ORDERED:

      that the motions are GRANTED in part.  Plaintiffs are awarded $90,000 in counsel fees plus $7,000 in expenses.

                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam, Sr. J.